**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 17 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DEBRA BOYCE, SARAH KING,**
**and PEYTON MUSGRAVE**
**individually and on behalf of all others similarly situated**                **PLAINTIFFS**

v.                                CASE NO. _4:17-cv-31-JLH_

This case assigned to District Judge _Holmes_
**JSC, INC. d/b/a BLACKWOOD'S GYROS & GRILL;** and to Magistrate Judge _Ray_
**BLACKWOOD GRILL, INC.; and**
**JAMES BLACKWOOD**                                **DEFENDANTS**

---

### CLASS AND COLLECTIVE ACTION COMPLAINT

---

Comes now Plaintiffs Debra Boyce, Sarah King, and Peyton Musgrave, and for their Class and Collective Action Complaint against Defendants JSC, Inc. d/b/a Blackwood's Gyros & Grill, Blackwood Grill, Inc., and James Blackwood (collectively "Blackwood's Gyros & Grill"), state:

### I. INTRODUCTION

1.      This is a class and collective action for minimum wage violations. Plaintiffs Debra Boyce, Sarah King, and Peyton Musgrave are former servers at Blackwood's Gyros & Grill, a restaurant located in Conway, Arkansas, which is controlled by its owner James Blackwood. Servers at Blackwood's Gyros & Grill are required to pay a kickback of 10% of their tips into a pool at the end of each shift. Instead of distributing the funds from the pool to other tipped employees, the restaurant retains the funds and uses it for some other purpose. Upon information and belief, James Blackwood uses the servers' tips to pay for

his drinking at nearby bars and restaurants. Despite being required to kickback a percentage of their tips each shift, the servers are only paid approximately $3.00 per hour for all the hours they work.

2.      Because the servers are forced to take part in an illegal tip pool, Blackwood's Gyros & Grill is not eligible to take the tip credit to satisfy its obligation to pay the minimum wage. Blackwood's Gyros & Grill is liable to each server for the difference between the full minimum wage and the cash wage paid by Blackwood's Gyros & Grill, in addition to a return of all improperly retained tips.

3.      When Plaintiff Boyce complained about the illegal tip pool, Blackwood immediately terminated her employment. Boyce's termination was clearly in retaliation for her complaint. Plaintiffs bring this suit individually and on behalf of others similarly situated to recover the minimum wages owed by law, liquidated damages, attorneys' fees and expenses, and all other relief allowed by law.

## II. JURISDICTION, VENUE, AND PARTIES

4.      Blackwood's Gyros & Grill is a restaurant located in Conway, Arkansas. Defendants operate, control, and do business at Blackwood's Gyros & Grill supplying patrons with food and beverages. Plaintiffs were employed by Defendants as servers at Blackwood's Gyros & Grill.

5.      Plaintiff Debra Boyce is a resident of Conway, Faulkner County, Arkansas, and she is a citizen of the state of Arkansas. She was employed as a server at Blackwood's Gyros & Grill from approximately January 2013 until October 2016. At all relevant times, Boyce was employed by Defendants and classified as hourly and non-exempt from the

overtime and minimum wage requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Her consent to join this action is attached as Exhibit "A." By agreement of the parties, the statute of limitations for Boyce's individual claim was tolled from November 16, 2016 to January 16, 2017.

6.      Plaintiff Sarah King is a resident of Conway, Faulkner County, Arkansas, and she is a citizen of the state of Arkansas. She was employed as a server at Blackwood's Gyros & Grill from approximately 2012 until 2014. At all relevant times, King was employed by Defendants and classified as hourly and non-exempt from the overtime and minimum wage requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Her consent to join this action is attached as Exhibit "B." By agreement of the parties, the statute of limitations for King's individual claim was tolled from November 16, 2016 to January 16, 2017.

7.      Plaintiff Peyton Musgrave is a resident of Conway, Faulkner County, Arkansas, and she is a citizen of the state of Arkansas. She was employed as a server at Blackwood's Gyros & Grill from approximately March 2014 until June 2016. At all relevant times, Musgrave was employed by Defendants and classified as hourly and non-exempt from the overtime and minimum wage requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Her consent to join this action is attached as Exhibit "C." By agreement of the parties, the statute of limitations for Musgrave's individual claim was tolled from November 16, 2016 to January 16, 2017.

8.      Defendant JSC, Inc. d/b/a Blackwood's Gyros & Grill is a corporation formed in 1999 under the laws of the State of Arkansas. At all relevant times, JSC, Inc.

d/b/a Blackwood's Gyros & Grill was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). JSC, Inc. d/b/a Blackwood's Gyros & Grill is an "employer" of Plaintiffs and other similarly situated employees, as defined by 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4).

9. Defendant Blackwood Grill, Inc., is a corporation formed in 2012 under the laws of the State of Arkansas. Upon information and belief, at all relevant times, Blackwood Grill, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Upon information and belief, Blackwood Grill, Inc. is an "employer" of Plaintiffs and other similarly situated employees, as defined by 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4).

10. Defendant James Blackwood is the owner or principal of Blackwood's Gyros & Grill. At all relevant times, James Blackwood was an "employer" of Plaintiffs and other similarly-situated employees, as defined by 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4).

11. At all times material herein, Defendants constituted a joint enterprise pursuant to 29 U.S.C. § 203(r). The Defendants' joint enterprise will be referred to as "Blackwood's Gyros & Grill" throughout this Complaint.

12. At all times material herein, Defendants constituted a single-integrated enterprise and are jointly and severally liable for any violations of the Fair Labor Standards Act or Arkansas Minimum Wage Act committed by any one of them.

13.     At all times material herein, Plaintiffs and all similarly-situated employees have been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

14.     At all times material herein, Plaintiffs and all similarly-situated employees have been entitled to the rights, protections, and benefits provided under the Arkansas Minimum Wage Act, as amended, Ark. Code Ann. § 11-4-201, *et seq.*

15.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; and 29 U.S.C. §§ 216(b), 217. Jurisdiction over the Plaintiffs' claims for violations of the AMWA is based upon the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

16.     This Court is empowered to issue a declaratory judgment under the Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202.

17.     Venue lies within this District pursuant to 28 U.S.C. § 1391 because Defendants transact business in this district, the Plaintiffs were employed by the Defendants in this district, and most actions complained of occurred in this district.

### III. FACTUAL ALLEGATIONS

18.     Blackwood's Gyros & Grill is a restaurant located in Conway, Arkansas.

19.     Defendants operate, control, and do business at Blackwood's Gyros & Grill supplying patrons with food and beverages.

20.     Plaintiffs and the other similarly-situated employees comprising the FLSA Class and AWMA Class are, or were, employed as servers at Blackwood's Gyros & Grill.

21.     Blackwood's Gyros & Grill pays its servers less than the federal and Arkansas minimum wage. For example, Blackwood's Gyros & Grill paid each named plaintiff approximately $3.00 per-hour.

22.     During the relevant period, the federal minimum wage was $7.25 per hour.

23.     The Arkansas minimum wage gradually increased during the relevant period. Until January 2015, the Arkansas minimum wage was $6.25 per hour. From January 1, 2015 until December 31, 2015 the minimum wage was $7.50 per hour. From January 1, 2016 until December 31, 2016, the minimum wage is $8.00 per hour. The minimum wage will increase to $8.50 per hour on January 1, 2017. Ark. Code Ann. § 11-4-210.

24.     Instead of paying the required minimum wage, Blackwood's Gyros & Grill takes advantage of the tip credit allowed by 29 U.S.C. § 203(m) and Ark. Code Ann. § 11-4-212.

25.     Though Blackwood's Gyros & Grill takes advantage of the tip credit provision, it does not allow its servers to keep all of the tips they receive. Rather Blackwood's Gyros & Grill requires its servers to give back a portion of their tips as a condition of employment.

26.     At the end of a shift, Blackwood's Gyros & Grill requires its servers to report the amount of tips they received that shift and then give the restaurant 10% of the total tips. The money goes back to the restaurant. (*Check Out Procedure* [Ex. D]; *Tip Out Chart Sample* [Ex. E]).

27.     Upon information and belief, Blackwood's Gyros & Grill retains the "tip out" funds and uses them for various purposes, like purchasing items, making improvements to the restaurant, and covering any shortages in the register.

28.     As a result, Blackwood's Gyros & Grill's tip pool does not satisfy the requirements of the Fair Labor Standards Act or Arkansas Minimum Wage Act, and Blackwood's Gyros & Grill is not eligible to take the tip credit. Plaintiffs and all other similarly-situated employees are entitled to the return of their tips and wages and compensation based on the applicable minimum wage for all hours worked.

29.     James Blackwood exercises complete control and authority over Blackwood's Gyros & Grill. Blackwood owns the restaurant, hires and fires management and hourly employees, monitors food and labor costs to direct management on how to improve those costs, and otherwise directs the operations of Blackwood's Gyros & Grill.

30.     In October 2016, Plaintiff Boyce complained about the tip pool to Defendant James Blackwood. Shortly after making the complaint, Boyce was terminated.

31.     Although Boyce had put in her two-week notice before she was terminated, Boyce had released her shifts at her new job because James Blackwood insisted Boyce work out her notice at the restaurant. Further, James Blackwood was aware that Boyce was counting on the weeks of income at Blackwood's Gyros & Grill to be able to pay her rent. Despite this knowledge, James Blackwood terminated Boyce after she complained about the tip pool. Her termination was calculated to increase her stress and financial pressure.

## IV. COLLECTIVE ACTION ALLEGATIONS

32.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

33.     Plaintiffs bring their FLSA collective action claims on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All Blackwood's Gyros & Grill employees who were employed as servers within the past three years at the Blackwood's Gyros & Grill restaurant in Conway, Arkansas.

34.     Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

35.     There are numerous similarly situated current and former servers who work or worked at Blackwood's Gyros & Grill who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Similarly situated employees are known to Blackwood's Gyros & Grill and readily identifiable through payroll records.

36.     There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include:

> a. Whether Plaintiffs and others similarly situated had their tips taken pursuant to a tip-pooling agreement;
>
> b. Whether Plaintiffs and others similarly situated had their tips taken by the Company to be used to make purchases or improvements for the restaurant;

c. Whether Blackwood's Gyros & Grill informed Plaintiffs and others similarly situated about the requirements of 29 U.S.C. § 203(m);

d. Whether Blackwood's Gyros & Grill satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the Fair Labor Standards Act;

e. Whether Blackwood's Gyros & Grill's actions were willful;

f. The correct statute of limitations for the claims of Plaintiffs and others similarly situated;

g. The correct method of calculating back pay;

h. Whether Plaintiffs and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

i. Whether Blackwood's Gyros & Grill is liable for pre-judgment interest; and

j. Whether Blackwood's Gyros & Grill is liable for attorneys' fees and costs.

37. Blackwood's Gyros & Grill has acted and refuses to act on grounds generally applicable to Plaintiffs and others similarly situated.

38. Plaintiffs' claims are typical of the claims of the FLSA Class in that Plaintiffs and others similarly situated were denied their tips and appropriate wages because of Blackwood's Gyros & Grill's policies and practice. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the FLSA class.

39. Plaintiffs' FLSA damages, and those of all putative collective action members, should be able to be calculated mechanically based on records Defendants are required to keep. 29 C.F.R. § 513.28. If Defendants failed to keep records as required by

law, Plaintiffs and class members will be entitled to damages based on the best available evidence, even if it is only estimates. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). Defendants cannot benefit from their failure, if any, to maintain records required by law.

40.     The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

41.     Plaintiffs will fairly and adequately protect the interests of the FLSA Class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate Blackwood's Gyros & Grill's illegal exploitation of the FLSA's tip-credit provision and to recover wages lost as a result of Blackwood's Gyros & Grill's misconduct.

42.     Plaintiffs' counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

43.     Plaintiffs and the proposed FLSA Class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Blackwood's Gyros & Grill's pay practices.

44.     Blackwood's Gyros & Grill has engaged in a continuing violation of the FLSA.

45.     Plaintiffs and all other similarly-situated servers were denied their tips and wages as a result of Blackwood's Gyros & Grill's illegal practices. These violations were intended by Blackwood's Gyros & Grill and were willfully done.

46.     Blackwood's Gyros & Grill's action in denying tips and wages to Plaintiffs
and all other similarly-situated servers was intentional and constitutes a willful violation
of the FLSA.

### V. CLASS ACTION ALLEGATIONS

47.     The preceding paragraphs are incorporated by reference as if the same were
fully set forth herein.

48.     Plaintiffs bring this action for violation of the AMWA as a class action under
Rule 23 of the *Federal Rules of Civil Procedure*. Specifically, Plaintiffs seek to represent a
class of:

> All Blackwood's Gyros & Grill employees who were employed as
> servers within the past three years at the Blackwood's Gyros & Grill
> restaurant in Conway, Arkansas.

49.     Plaintiffs reserve the right to modify or amend the proposed class definition
subject to additional information gained through further investigation and discovery.

50.     Members of the putative class are so numerous that joinder of all such
members is impracticable. The exact size of the class is unknown but may be determined
by records maintained by Blackwood's Gyros & Grill. In addition to current employees,
all former employees are also included in the putative class.

51.     There are questions of law and fact common to Plaintiffs and others
similarly situated, which predominate over any questions affecting individual members
only. These factual and legal questions include:

> a. Whether Plaintiffs and others similarly situated had their tips
>    taken pursuant to a tip-pooling agreement;

b. Whether Plaintiffs and others similarly situated had their tips taken by the Company to be used to make purchases or improvements for the restaurant;

c. Whether Blackwood's Gyros & Grill satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the Arkansas Minimum Wage Act;

d. Whether Blackwood's Gyros & Grill's actions were willful;

e. The correct method of calculating back pay;

f. Whether Plaintiffs and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

g. Whether Blackwood's Gyros & Grill is liable for pre-judgment interest; and

h. Whether Blackwood's Gyros & Grill is liable for attorneys' fees and costs.

52. Blackwood's Gyros & Grill has acted and refuses to act on grounds generally applicable to Plaintiffs and others similarly situated.

53. Plaintiffs' AMWA damages, and those of all putative collective action members, should be able to be calculated mechanically based on records Defendants are required to keep. 010 Ark. Code R. § 14-102(B)(3). If Defendants failed to keep records as required by law, Plaintiffs and class members will be entitled to damages based on the best available evidence, even if it is only estimates. *See Marine Servs. Unlimited, Inc. v. Rakes*, 323 Ark. 757, 767, 918 S.W.2d 132, 137 (1996). Defendants cannot benefit from their failure, if any, to maintain records required by law.

54.     Plaintiffs' claims are typical of the putative class. Like all other putative class members, Plaintiffs were subject to Blackwood's Gyros & Grill's common policy and practice of requiring servers to give back 10% of their tips at the end of each shift. In addition, like all members of the putative class, Plaintiffs were subject to the common policy and practice of not paying servers the full minimum wage.

55.     Plaintiffs will fairly and adequately protect the interests of the putative class. They have no conflicts with putative class members and have suffered the same injury as members of the putative class. Plaintiffs' counsel possess the requisite resources and experience in class action litigation to adequately represent Plaintiffs in prosecuting the claims here.

56.     Blackwood's Gyros & Grill has acted or refused to act on grounds generally applicable to the putative class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the putative class as a whole. Plaintiffs and members of the putative class are entitled to injunctive relief to end Blackwood's Gyros & Grill's common and uniform practice of failing to properly compensate Plaintiffs at the full minimum wage.

57.     Plaintiffs and the proposed putative class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Blackwood's Gyros & Grill's pay practices.

58.     Blackwood's Gyros & Grill has engaged in a continuing violation of the AMWA.

59.     Plaintiffs and all other similarly-situated servers were denied their tips and wages as a result of Blackwood's Gyros & Grill's illegal practices. These violations were intended by Blackwood's Gyros & Grill and were willfully done.

60.     Blackwood's Gyros & Grill's action in denying tips and wages to Plaintiffs and all other similarly-situated servers was intentional and constitutes a willful violation of the AMWA.

## VI. CAUSES OF ACTION

### CLAIM I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

61.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

62.     This collective action claim is brought on behalf of all FLSA Class members who were subject to Blackwood's Gyros & Grill's illegal policies and practices.

63.     At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protections, and benefits provided by the Fair Labor Standards Act.

64.     At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Blackwood's Gyros & Grill, as defined by 29 U.S.C. § 203(e).

65.     At all relevant times, Blackwood's Gyros & Grill was an "employer" of Plaintiffs and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

66.     At all relevant times, Blackwood's Gyros & Grill paid Plaintiffs and putative class members less than the statutory minimum wage. Blackwood's Gyros &

Grill therefore bears the burden of proving it is entitled to a tip credit towards its minimum wage obligations.

67.　　Under FLSA regulations, tips are the property of the employee regardless whether the employer has taken a tip credit under 29 U.S.C. § 203(m).

68.　　Furthermore, valid tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

69.　　An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

70.　　At all relevant times, Blackwood's Gyros & Grill willfully failed and refused to compensate Plaintiffs and all other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip pooling arrangement.

71.　　Blackwood's Gyros & Grill violated the FLSA by taking Plaintiffs and all other similarly-situated employees' tips in furtherance of an invalid tip-pooling arrangement.

72.　　Blackwood's Gyros & Grill willfully violated the above provisions by withholding Plaintiffs' and all other similarly situated employees' tips and wages in furtherance of an invalid tip-pooling arrangement.

73.　　Blackwood's Gyros & Grill's violations entitle Plaintiffs and all other similarly-situated employees to compensatory damages calculated as the full amount of

wages owed at the minimum wage of $7.25 per hour amount less the amount of wages actually received and a return of the tips withheld.

74.     Blackwood's Gyros & Grill's violations entitle Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

75.     Plaintiffs and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

CLAIM II: VIOLATION OF THE ARKANSAS MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE

76.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

77.     This collective action claim is brought on behalf of all putative class members who were subject to Blackwood's Gyros & Grill's illegal policies and practices.

78.     At all relevant times, Plaintiffs and putative class members have been entitled to the rights, protections, and benefits provided by the Arkansas Minimum Wage Act.

79.     At all relevant times, Plaintiffs and all putative class members have been "employees" of Blackwood's Gyros & Grill, as defined by Ark. Code Ann. § 11-4-203(3).

80.     At all relevant times, Blackwood's Gyros & Grill was an "employer" of Plaintiffs and all putative class members, as defined by Ark. Code Ann. § 11-4-203(4).

81.     At all relevant times, Blackwood's Gyros & Grill paid Plaintiffs and putative class members less than the statutory minimum wage. Blackwood's Gyros &

Grill therefore bears the burden of proving it is entitled to a tip credit towards its minimum wage obligations.

82.     Under AMWA regulations, the tip credit can only be taken for the hours in which an employee qualifies as a "tipped employee." 010 Ark. Code R. § 14-107(E)(2).

83.     When an employment agreement or practice requires tips to be turned over to the employer as part of the employer's gross receipts, the employee is not a "tipped employee" and is entitled to the full minimum hourly wage. 010 Ark. Code R. § 14-107(E)(2).

84.     Furthermore, valid tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

85.     An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

86.     Moreover, it is the employer's obligation to maintain tip records as required by 010 Ark. Code R. § 14-102(B)(3). If an employee fails to maintain such records, the employer is not entitled to a tip credit or allowance against the minimum wage unless the employer can prove that the employees against whom a tip credit is sought actually received and retained each workweek tips in an amount equal to or greater than the tip credit or allowance claimed. 010 Ark. Code R. § 14-107(E)(6).

87.     At all relevant times, Blackwood's Gyros & Grill willfully failed and refused to compensate Plaintiffs and all putative class members for all hours worked at the

standard minimum wage under the AMWA because it retained their tips in furtherance of an invalid tip pooling arrangement.

88.    Blackwood's Gyros & Grill violated the AMWA by withholding Plaintiffs and all putative class members' tips in furtherance of an invalid tip-pooling arrangement.

89.    Blackwood's Gyros & Grill willfully violated the above provisions by withholding Plaintiffs' and all putative class members' tips and wages in furtherance of an invalid tip-pooling arrangement.

90.    Blackwood's Gyros & Grill's violations entitle Plaintiffs and all other members of the putative class to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage less the amount of wages actually received and a return of the tips withheld.

91.    Blackwood's Gyros & Grill's violations entitle Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to Ark. Code Ann § 11-4-218(a)(2) in an amount equal to compensatory damages.

92.    Plaintiffs and all other similarly-situated employees are entitled to an award of their attorneys' fees and court costs pursuant to Ark. Code. Ann. § 11-4-218(a).

CLAIM III: VIOLATION OF THE FAIR LABOR STANDARDS ACT
RETALIATION (BOYCE ONLY)

93.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

94.     Under the FLSA, employers are prohibited from discharging or in any other manner discriminating against any employee because the employee filed a complaint related to the rights afforded to them under the Act. 29 U.S.C. § 215(a)(3).

95.     Plaintiff Boyce was terminated by Blackwood's Gyros & Grill almost immediately after she complained to Defendant James Blackwood about the Company's tip out requirement. Although Boyce had already put in her two week notice before she was terminated, James Blackwood insisted Boyce work out her notice at the restaurant and Boyce had released shifts at her new job.

96.     James Blackwood was aware that Boyce was counting on the weeks of income at Blackwood's Gyros & Grill to be able to pay her rent. Despite this knowledge, James Blackwood terminated Boyce after she complained about the tip pool. Her termination was calculated to increase her stress and financial pressure and punish her for complaining.

97.     Blackwood's Gyros & Grill violated the anti-retaliation provision of the FLSA when it terminated Boyce for complaining about the Company's unlawful tip pooling practice.

98.     Because of Blackwood's Gyros & Grill's retaliatory conduct, Boyce suffered emotional anguish and distress.

99.     Blackwood's Gyros & Grill willfully violated 29 U.S.C. § 215(a)(3) by firing Boyce after she complained about the illegal tip pool.

100.     Blackwood's Gyros & Grill's violations entitle Boyce to compensatory damages in the amount of lost wages pursuant to 29 U.S.C. § 216(b). Boyce is also entitled

to non-economic compensatory damages to compensate her for the emotional anguish and distress she suffered through her termination.

101.    Blackwood's Gyros & Grill's violations entitle Boyce to liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to compensatory damages.

102.    Blackwood's Gyros & Grill's violations entitle Boyce to punitive damages.

103.    Boyce is also entitled to an award of her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the classes of similarly-situated individuals they seek to represent, respectfully request this Court:

a.    Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b.    Enter an order certifying Plaintiffs' claims brought under the Arkansas Minimum Wage Act for treatment as a class action;

c.    Enter a declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

d.    Enter a permanent injunction restraining and preventing Blackwood's Gyros & Grill from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act and Arkansas Minimum Wage Act;

e.    Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly-situated employees are entitled;

f.     Award Plaintiffs and all putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and a return of all tips owed them from a period from three (3) years prior to this lawsuit through the date of trial;

g.     Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

h.     Award Plaintiff Boyce back pay, non-economic compensatory damages, liquidated damages, and punitive damages on her retaliation claim;

i.     Award Plaintiffs and all putative class members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

j.     Grant Plaintiffs and all putative class members all such further relief as the Court deems just and appropriate.

## VIII. Jury Demand

Plaintiffs demand a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

HOLLEMAN & ASSOCIATES, P.A.

By: _____

John T. Holleman / AR Bar #91056
jholleman@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
Jerry D. Garner – AR Bar #2014134
jerry@johnholleman.net

1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

## CONSENT TO JOIN COLLECTIVE ACTION

I consent to join an action as a Plaintiff against the above-referenced Defendants or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If the case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to a lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of the action or adjudication of the court.

Consented to on this __28__ day of _____October_____, 2016

Debra J. Boyce
Print Name

Debra Boyce
Signature

10/28/16
Date

EXHIBIT

A

**JSC, INC d/b/a BLACKWOOD GYROS AND GRILL**
**JAMES BLACKWOOD**

## CONSENT TO JOIN COLLECTIVE ACTION

I consent to join an action as a Plaintiff against the above-referenced Defendants or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If the case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to a lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of the action or adjudication of the court.

Consented to on this _10_ day of _November_, 2016

_Sarah King_
Print Name

_Sarah King_
Signature

_11-10-16_
Date

EXHIBIT
B

### JSC, INC d/b/a BLACKWOOD GYROS AND GRILL
### JAMES BLACKWOOD

---

### CONSENT TO JOIN COLLECTIVE ACTION

---

I consent to join an action as a Plaintiff against the above-referenced Defendants or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If the case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to a lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of the action or adjudication of the court.

Consented to on this ___3___ day of _November_ , 2016

Peyton Musgrave
Print Name

Peyton Musgrave
Signature

11-3-16
Date

**EXHIBIT**

**C**

# Check out Procedure

Clockout
Put guest checks in order
Tip out 10%
Check with management
    before leaving

# Register

Count register / ✓ change
✓ all aspects of counter area
Stock plastic ware, napkin,
    paper for register
Pull backlava and stock
prep list.

# Dish

Mop

EXHIBIT
D

| Name & Date | Ticket #'s | Tables | Tips | Tip Out | Ave |
|---|---|---|---|---|---|
| RE 10/21 | 15605-39 | 33 | 110 | 10.10 | 33 |
| DB 10/21 | 15670-82 | 30 | 122 | 12 20 | 4F |
| VD 10/22 | 15009-15 15018-27 | 7/4 | 11 | 3000 | A3 |
| DB 10/22 | 16101-8 | 8 | 35 | 350 | 4 |
| RE 10/22 | 15640-42 | 3 | 22 00 | 2.20 | 7. |
| DL 10-22 | 16151-4 | 4 | $17 | 3.18 | 4 |
| RE 10/24 | 15101-16 | 16 | $55 | $5.50 | |
| DB 10/24 | 15151-64 | 14 | 50 | 500 | |
| RE 10/25 | 15117-27 | 11 | 25 | 2.50 | |
| E 10/26 | 15129-41 | 14 | 53 | 5.30 | |
| 12/26/11 | 16501-14 | 14 | 45 00 | 4.50 | |